UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNNETTE THOMAS,	Case No. 10-12558

       Plaintiff,	Stephen J. Murphy
v.	United States District Judge

ATHLETE'S FOOT,	Michael Hluchaniuk
     United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 28)**

**I.    PROCEDURAL HISTORY**

This matter is before the Court for a report and recommendation on liability and damages following the district judge's entry of a default against defendant Athlete's Foot. (Dkt. 26). After the default was entered plaintiff filed a motion for default judgment on January 13, 2014. (Dkt. 28). Judge Murphy referred the motion to the undersigned on January 24, 2014, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 29). A hearing on the motion was held on April 10, 2014.

Plaintiff's complaint in this matter alleged what was construed to be sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 and the Michigan Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq*. Following a ruling on a motion for summary judgment that defendant had filed,

1

plaintiff's claims were reduced to a sexual harassment/hostile work environment claim. (Dkt. 18). A hostile work environment exists where "[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature . . . . has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." 29 C.F.R. § 1604.11(a). *Thornton v. Fed. Express Corp.*, 530 F.3d 451, 455 (6th Cir. 2008).

Plaintiff appeared and testified at the April 10, 2014, hearing. The undersigned took the matter under advisement. This matter is now ready for report and recommendation.

## II.    TESTIMONY AT THE HEARING

Plaintiff testified that on she began working at the Athletes' Foot business in February of 2008 and continued to work there until June of 2009. During periods of time that she worked there, she was subject to sexually offensive comments on a frequent, repeated basis, directed at her by the store manager as well as another person that she also perceived as a supervisor, but who defendant has previously asserted was not an employee of the business, though he was normally present. She asked that the comments stop but they continued. She also felt that she had no one to report this conduct to since one of the individuals making the comments was the store manager and there was no procedure in place

to make such complaints. She stated these comments made her feel "uncomfortable," that they caused her sleepless nights, that they caused her to be distracted from other activities and she was unable to focus on other matters. She further testified that she discussed these comments with her parents and with her minister although she did not seek treatment with a mental health professional. During the hearing, she testified that these sexually harassing comments began in the summer of 2008 although in her complaint she stated that the conduct she complained of began on October 1, 2008. She also stated that this sexually harassing conduct continued until June of 2009, and culminated in an event on June 22, 2009, when one of the perpetrators of the harassing conduct attempted to sexually assault her. When she reported this conduct to store personnel, her complaint was not appropriately addressed and she left the employment shortly thereafter.

### III. ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) provides that, in entering a default judgment in cases where the plaintiff has not claimed a sum certain:

> The court may conduct hearings or make referrals –
> preserving any federal statutory right to a jury trial –
> when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> *(B) determine the amount of damages*;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2) (emphasis added).

In order to establish liability for a violation of Title VII involving a claim of hostile work environment, plaintiff must establish that she (1) belonged to a protected group, (2) was subject to unwelcome harassment, (3) the harassment was based on gender, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act. *Waldo v. Consumers Energy*, 726 F.3d 802, 813 (6th Cir. 2013). The undersigned concludes that plaintiff has offered sufficient evidence to demonstrate that a hostile work environment claim has been established and that defendant is liable for damages arising from such a claim.

Plaintiff is entitled to compensatory damages and to punitive damages where, as here, the evidence shows that defendant engaged in discriminatory conduct with malice or with reckless indifference to the federally protected rights of the plaintiff. *West v. Tyson Foods*, 374 Fed.Appx 624, 637 (6th Cir. 2010). In this case, based on the evidence presented in this case, plaintiff is entitled to compensatory damages for the emotional distress she suffered as a result of hostile work environment she experienced while employed by defendant. Additionally, plaintiff is entitled to punitive damages based on the conduct engaged in by defendant, specifically the fact that one of the perpetrators of the harassing

conduct was the store manager where plaintiff worked, which was committed with reckless indifference to plaintiff's federally protected rights. In that plaintiff is a prevailing party to this civil rights action she is entitled to an award of reasonable attorney fees pursuant to 42 U.S.C. § 2000e-5(k).

## IV.   RECOMMENDATION

Based on the above, the undersigned **RECOMMENDS** that plaintiff be awarded compensatory damages in the amount of **$50,000.00**, punitive damages in the amount of **$50,000**[1], and attorney fees in the amount of **$5,512.50** as requested in plaintiff's application for attorney fees. (Dkt. 31). Plaintiff is also entitled to interest, pre-judgment and post-judgment, as allowed by law.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

---

[1] Punitive damages, as conceded by plaintiff, are capped at $50,000.00, where, as here, the employer has between 15 and 100 employees. 42 U.S.C. § 1981a)b)(3)(A). *Quinn v. Griffith*, 515 Fed.Appx. 543, 546 (6th Cir. 2010).

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 21, 2014                     s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Nicholas Roumel.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov

6